**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL DEVIN JONES,** | CASE NO. 3:26 CV 433 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ENTERPRISE HOLDINGS, INC., et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### BACKGROUND

*Pro se* Plaintiff Michael Devin Jones has filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983 against Enterprise Holdings, Inc., the parent company of Enterprise Rent-A-Car ("Enterprise"), the City of Toledo, and the City of Northwood. (Doc. 1). His complaint pertains to his arrest and prosecution in state court on charges relating to his use of an Enterprise vehicle. He contends he "reasonably believed" he had validly extended his vehicle rental from Enterprise, *see id*. at ¶¶ 11-13, but Enterprise reported the vehicle as "stolen/unauthorized use" to law enforcement and neglected "to disclose and/or accurately reflect Plaintiff's full payment history . . . in a way that would have shown the dispute was civil and not criminal," *id*. at ¶ 17. As the result of Enterprise's report, Plaintiff was arrested and jailed and three cases were filed against him in state court: a case in Toledo Municipal Court, charging him with receiving stolen property and obstructing official business; and cases in the Lucas and Wood County Courts of Common Pleas charging him with unauthorized use of the vehicle. *Id*. at ¶ 30. Plaintiff alleges the cases in Toledo Municipal Court and the Lucas County Court of Common

1

Pleas were eventually dismissed by "nolle prosequi," but the Wood County case "was pursued to conviction." *Id*. at ¶¶ 31-33.

Seeking damages, injunctive, and declaratory relief, Plaintiff contends his federal constitutional rights were violated as the result of being arrested, detained, and prosecuted for "unauthorized use/receiving stolen property, based primarily on Enterprise's misleading report." *Id*. at ¶ 41. He asserts federal claims for "unlawful seizure/false arrest" and "malicious prosecution" in violation of the Fourth Amendment, and unlawful "prolonged restraint" in violation of Fourteenth Amendment's due process clause. *Id*. at ¶¶ 40-49 (outlining Counts I, II, and III, respectively).

Plaintiff did not pay the filing fee in the case, but instead filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). That motion is granted, and for the reasons stated below, Plaintiff's Complaint is dismissed.

**STANDARD OF REVIEW**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a claim for relief upon which relief may be granted, a complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding the "dismissal standard articulated in *Iqbal* and *Twombly* [for determining a motion to

2

dismiss under Fed. R. Civ. P. 12(b)(6)] governs dismissals for failure to state a claim" under § 1915(e)(2)(B)).

Further, although *pro se* complaints are entitled to liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even *pro se* plaintiffs must satisfy basic pleading requirements and courts are not required to "conjure allegations" or construct claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## DISCUSSION

Upon review, the Court finds that Plaintiff's federal claims must be dismissed because they fails to state a plausible claim under § 1983 upon which he may be granted relief. And the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Federal Claims

First, in *Heck v. Humphrey*, the Supreme Court held that

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994).

Absent a showing of prior invalidation, a § 1983 claim bearing such a relationship to a state conviction or sentence is not cognizable. *Id*. *Heck's* holding with respect to damages claims has been extended to claims seeking injunctive and declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, 145 F.3d 1335 (6th Cir.) (table) (injunctive relief).

Plaintiff expressly alleges in his Complaint that he was convicted in the Wood County Court of Common Pleas on charges for the unauthorized use of the Enterprise vehicle. (Doc. 1, at ¶ 33). His claims challenging the validity of his arrest, detention, and prosecution on charges relating to his use of the vehicle necessarily imply the invalidity of the Wood County conviction. Although Plaintiff emphasizes that the criminal cases initially filed against him in Toledo Municipal Court and the Lucas County Court of Common Pleas were dismissed by "nolle prosequi," he has not alleged or shown the Wood County conviction was reversed on direct appeal or invalidated in any other way as required in *Heck*. Accordingly, his § 1983 claims are non-cognizable under *Heck*.

Second, even if Plaintiff's alleged § 1983 claims are not barred by *Heck*, his Complaint fails to state a plausible § 1983 claim against any of the named Defendants.

Local governments may be liable under § 1983 only when their own "policy or custom" causes a constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)).

Plaintiff does not allege facts plausibly demonstrating the City of Toledo or the City of Northwood maintained and executed a custom or policy which caused a violation of his rights. His contentions as to municipal liability are purely conclusory and insufficient to state a claim. *See Bilder v. City of Akron*, 1993 WL 394595, at *2 (6th Cir.) (upholding dismissal of *pro se* complaint offering only conclusory allegations that City of Akron negligently hired and trained an employee).

4

Plaintiff's Complaint also fails to state a plausible claim against Enterprise. For liability to attach under § 1983, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff's Complaint does not set forth allegations plausibly suggesting that Enterprise, a private company, engaged in conduct which may be deemed fairly attributable to the state. *See Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (outlining the four tests recognized by the Sixth Circuit for determining whether challenged private conduct is fairly attributable to the state: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test).

State Law Claims

Plaintiff also brings state law claims of false arrest/false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress. (Doc. 1, at 13-15). Plaintiff asserts, as the basis of jurisdiction over these claims, supplemental jurisdiction under 28 U.S.C. § 1367. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Given the early stages of this case, Court finds the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's state law claims, which are better resolved by the Ohio courts. The claims are therefore dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when

a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

## CONCLUSION

Accordingly, for the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)[1]; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2026

---

1. As noted above, Plaintiff's state law claims are dismissed without prejudice.